STATE OF TENNESSEE ex rel RONALD KEITH GEORGE,
Plaintiff in Error,

*v.*

WILBURN C. JOHNSON, Warden, Tennessee State
Penitentiary, Defendant in Error.

394 S.W.2d 641.

(*Nashville,* December Term, 1964.)

Opinion filed October 8, 1965.

(1)

2

NORMAN D. LANE, Nashville, for plaintiff in error.

DOUGLAS M. FISHER, Nashville, for defendant in error.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

This is a habeas corpus proceeding which, after a hearing before the Honorable Byrd Douglas, Judge of the Second Circuit Court of Davidson County, was dismissed as being without merit under the facts.

Petitioner, Ronald Keith George, has appealed and insists here unauthorized pleas of guilty were entered to four indictments against him in the Criminal Court of Shelby County, Tennessee, and as a consequence he is unlawfully incarcerated in the Tennessee State Penitentiary.

Prior to May 25, 1964, there were four indictments pending against petitioner in the Criminal Court of Shelby County, Tennessee. Two of the indictments charged

defendant with having committed rape. The other two indictments charged him with having committed an assault and battery with the intent to commit rape.

Petitioner's family employed Honorable Sam Goldberger, a reputable Attorney of the Shelby County Bar, to represent petitioner in these matters. The cases were set for trial on May 25, 1964. Mr. Goldberger a few days prior thereto suffered a heart attack and was hospitalized. He requested the Honorable Louis Peiser, also a reputable Attorney of the Shelby County Bar, to appear at the trial with petitioner in his stead.

Mr. Peiser entered pleas of guilty to all four indictments on behalf of the petitioner. Petitioner was sentenced for a term of thirty-five years confinement in the State Penitentiary in each of the cases of rape. The trial judge ordered these sentences to run consecutively. Petitioner was also sentenced for a term of ten years in each of the cases of an assault and battery with the intent to commit rape. These sentences were ordered to run concurrently with the sentences for rape.

In his petition for the writ of habeas corpus, petitioner alleged he had not authorized Mr. Goldberger or Mr. Peiser to enter pleas of guilty for him; but, to the contrary, had insisted on a trial as he was not guilty of any of the crimes.

The defendant, Johnson, Warden of the Tennessee State Penitentiary, filed an answer in which he denied there was any irregularity with respect to the arraignment and trial of the petitioner on the charges.

To his answer the defendant filed as exhibits the following:

1. Copies of the indictments and judgments in each of the four cases.

2. A letter from Judge Perry H. Sellers in whose court the petitioner was sentenced.

3. A letter from John P. Colton, Jr., the Clerk of the Criminal Court of Shelby County.

4. An affidavit of Honorable Louis Peiser, Attorney.

5. An affidavit of the Honorable Lloyd Rhodes, Assistant District Attorney General for Shelby County.

6. Two signed confessions by the petitioner of having raped Mary Sue Byran and Frances Irene Mancuso.

It was stipulated by Counsel for the respective parties the letters and affidavits filed as exhibits to defendant's answer would be treated as testimony of the respective authors at the hearing of the petition.

Petitioner testified he had talked with Mr. Goldberger on several occasions, but had never indicated to him he would plead guilty to the charges. He also testified he did not authorize Mr. Peiser on the day he was sentenced to plead guilty to any of the charges.

He admitted on cross examination that he at no time told the trial judge that he desired a trial on the charges or that he had not authorized Mr. Peiser or Mr. Goldberger to enter the pleas of guilty.

An affidavit of Mr. Goldberger was filed as an exhibit to petitioner's testimony in the habeas corpus proceeding.

Mr. Goldberger in his affidavit stated he was employed to represent petitioner in the rape and assault cases by

petitioner's family. He and the family of petitioner had conferred with petitioner at the Shelby County jail on several occasions and it was understood Mr. Goldberger was to work out a settlement with the District Attorney General's office in all the cases, if possible.

Mr. Goldberger further stated when he told the petitioner and his family the representatives for the State had agreed to a settlement on pleas of guilty by petitioner of thirty-five years confinement in each of the rape cases, the sentences to run consecutively, and ten years each in the assault cases, the sentences to run concurrently with the sentences in the rape cases, the defendant and his family were highly pleased. He also stated petitioner agreed to plead guilty and accept the settlement.

Mr. Goldberger stated he was not employed to try the matter, but to work out a settlement with the State acceptable to petitioner, if possible. That petitioner understood the nature of his employment.

Mr. Goldberger further stated he was hospitalized several days prior to May 25, 1964, the day of the trial. For that reason he requested Mr. Peiser to appear for him in behalf of petitioner. He told Mr. Peiser of the agreement with the State.

Mr. Peiser in his affidavit stated he conferred with petitioner on the day of the trial and also with members of petitioner's family who were present. That after the trial both petitioner and members of the family were pleased with the settlement and disposition of the matter.

General Rhodes, in his affidavit stated he conferred with petitioner on the day of the trial and was told by petitioner he would plead guilty and accept the sentences

agreed to by the representatives for the State and Mr. Goldberger.

He further stated he explained to the jury the evidence the State could offer against petitioner and the terms of the settlement of the cases agreed upon by him and Mr. Goldberger.

Judge Sellers in his letter stated there was no irregularity in the proceedings. He also stated petitioner's family was at the trial. That none of them or petitioner said anything about petitioner desiring a formal trial or objected to the guilty pleas being entered on his behalf.

▉ The trial judge observed and heard petitioner testify. He chose to believe the evidence for the defendant. We are unable to hold from the record before us, the evidence preponderates against his finding and dismissal of the petition for the writ of habeas corpus. *State ex rel. Johnson v. Mainard,* 188 Tenn. 501, 221 S.W.2d 531 (1949); *State ex rel. Dych v. Bomar,* 213 Tenn. 699, 378 S.W.2d 772 (1964).

▉ Furthermore, it is undisputed members of petitioner's family were present in the court room when petitioner was tried and sentenced in the rape and assault cases. Petitioner's failure to produce these members of the family in support of his petition, there being no showing of an effort to produce them, gives rise to a presumption had they been introduced their evidence would have been against the petitioner. *Harless v. State,* 189 Tenn. 419, 225 S.W.2d 258 (1949); *Ford v. State,* 184 Tenn. 443, 201 S.W.2d 539 (1947).

Petitioner admits he did not call to the attention of Judge Sellers the fact he had not authorized anyone to

enter pleas of guilty for him in the rape and assault cases.

The preponderance of the proof shows the representatives for the State and Judge Sellers understood petitioner would plead guilty and receive the sentences imposed.

 Thus, even if we would hold (which we cannot) petitioner's Attorney entered the guilty pleas without authority, such action on his part would amount to private action and not State action within the meaning of the Fourteenth Amendment. *State ex rel. Dych v. Bomar,* supra.

For the foregoing reasons, the judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CRESON, JUSTICES, concur.