# THOMAS B. TURNER, Petitioner, v. STATE OF TENNESSEE, Respondent.

Court of Criminal Appeals of Tennessee. Aug. 11, 1969.

Certiorari Denied by Supreme Court Dec. 1, 1969.

Hugh W. Stanton, Jr., Memphis, for petitioner.

George F. McCanless, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Billy F. Gray, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

WALKER, Presiding Judge.

From the dismissal of his petition for post-conviction relief after an evidentiary hearing, the petitioner, Thomas B. Turner, appeals to this court.

This is petitioner's third petition for habeas corpus or post-conviction relief in the State courts, although this petition is styled a supplemental petition to his second habeas corpus petition which is decided by this court today. Tenn.Cr.App., 447 S.W.2d 874. That proceeding was on appeal here when the present proceeding was filed in the trial court.

In the second habeas corpus petition, Turner says his first petition in the State courts was based on insanity at the time of trial and that it was denied. The present petition shows that this same question of insanity at trial was presented to the United States District Court (Middle District of Tennessee) and found against his contentions. The record shows that the Court of Appeals (6th Circuit) affirmed the federal district court.

In the present proceeding, the petitioner attacks his concurrent sentences under pleas of guilty on January 18, 1960, in two cases, one for 75 years for first degree murder and one for ten years for assault to commit murder in the first degree. He charges all the grounds in his second petition as well as insanity at the time of the offenses and at the time of his pleas of guilty and sentences. Since the trial court had already ruled on the questions presented by the second habeas corpus petition, counsel agreed that this hearing would be

confined to the issues of insanity at the time of the offenses and at trial.

■■ After a full evidentiary hearing, the trial judge filed a thorough memorandum in which he found all of petitioner's contentions without merit. The record abundantly sustains his findings. Those findings of the trial court are conclusive against the petitioner on questions of fact unless the evidence preponderates against the judgment of that court. State ex rel. George v. Johnson, 217 Tenn. 1, 394 S.W.2d 641; State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256.

The proof shows that the petitioner went to West Memphis, Arkansas, and purchased a .38 caliber pistol, with which he shot his former wife and wounded a man who was visiting his daughter. Petitioner's retained counsel had him examined at Thomas F. Gailor Psychiatric Hospital; the superintendent found that he was emotionally unstable, but that he did not have a psychosis; that he knew the difference between right and wrong and that he was able to confer with his counsel.

The petitioner voluntarily and knowingly entered his pleas of guilty and was not insane at that time nor at the time of the offenses.

■ The petitioner also contends in his testimony that he was inadequately represented by his retained counsel. After the psychiatric report finding him sane, the petitioner wanted to submit the cases on guilty pleas rather than risk the results of trials before juries. Before entering the pleas, his three attorneys discussed the State's offer with the petitioner himself and members of his family to determine his wishes. His claim of in-

adequate counsel is without merit. See State ex rel. Richmond v. Henderson, Tenn., 439 S.W.2d 263.

The judgment of the lower court dismissing the petition is affirmed.

Judge GALBREATH did not participate in the decision of this case.

This case was heard and submitted to the Court prior to the enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

OLIVER, J., concurs.