AVERY CUSICK, Appellant, v. STATE OF
TENNESSEE, Appellee.

456 S.W.2d 857.

Court of Criminal Appeals of Tennessee. April 3, 1970.

Certiorari Denied by Supreme Court July 6, 1970.

(1)

2

Frederick D. McDonald, Knoxville, for appellant.

David M. Pack, Atty. Gen., Arnold Peebles, Jr., Asst. Atty. Gen., Nashville, John T. O'Connor, Asst. Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

RUSSELL, Judge.

Avery Cusick, indigent and represented by appointed counsel, appeals from the post evidentiary hearing dismissal of his petition seeking relief from his 1950 conviction for first degree murder. The conviction was upon

a guilty plea, and the agreed punishment was seventy-five years imprisonment. (This sentence has since been commuted to life imprisonment, and Cusick has twice made and failed to live up to the conditions of parole.)

■ It is true that no written charge was given to the jury, and they were not asked to consider any of the lesser included offenses. This does not entitle Cusick to post-conviction relief. This same question was decided by this Court, opinion by Judge Oliver, in Weems v. Henderson, opinion filed April 30, 1969.

■ Error is assigned upon the alleged error of the court in not permitting "the introduction of evidence on the degree of guilt." There is no showing that the trial court limited evidence in any fashion. Further, the plea of guilty dispensed with the necessity for evidence. State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635. When Cusick pled guilty to first degree murder, all that was left for the jury to do was to fix his punishment for that offense. Evidence "on the degree of guilt" was unnecessary when the degree of guilt was pled. This amounted to a stipulation.

■ ■ The petition alleges that Cusick's plea was not voluntary and was induced by violation of his constitutional rights. The trial judge found to the contrary. We are bound by this finding of fact, unless the evidence preponderates against it. State ex rel. George v. Johnson, 217 Tenn. 1, 394 S.W.2d 641. The evidence well fortifies the Court's finding of fact, and this assignment is overruled.

■ Complaint is made that "the record does not show that the consequences of his plea were explained

4

to Petitioner." Again, the trial Court found the facts to be contrary to this contention. However, the main thrust of this complaint comes from Cusick's alleged failure to understand parole eligibility under a seventy-five year sentence, and the record perhaps does not affirmatively show this understanding. But, even so, this is now moot. The sentence has been commuted to a much lesser one and Cusick paroled twice. Parole eligibility under a seventy-five year sentence is now irrelevant to his case. Nor do we hold that a guilty pleading defendant is entitled to have parole eligibility positively explained to him before he can enter a binding guilty plea.

Cusick says that he has not received the benefit of constitutionally required legal representation. The trial Court's finding, manifestly supported by the evidence, is to the contrary. His attorney saved him from very possibly going to the electric chair, subsequently helped get his sentence commuted and him paroled twice. The lawyer, Hon. T. Mack Blackburn, from this record could have done no more.

Finally, complaint is registered by Cusick himself that the bill of exceptions upon this appeal was filed late, and he demands a new hearing for that alleged reason. He has miscalculated. The bill of exceptions was filed within the time provided by law.

Court appointed counsel has done a fine job in this case, in re-drafting the petition, trying the case and prosecuting this appeal; and we express our appreciation.

This appeal is dismissed and the judgment of the trial court affirmed.

MITCHELL and GALBREATH, JJ., concur.