Thurman **BROTHERTON**, Petitioner,

v.

**STATE** of Tennessee, Respondent.

Court of Criminal Appeals of Tennessee.

Nov. 9, 1971.

Certiorari Denied by Supreme Court
Feb. 7, 1972.

———◆———

Jimmy Gray Cutshaw, Greeneville, for petitioner.

David M. Pack, Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., Nashville, Heiskell H. Winstead, Dist. Atty. Gen., Ben K. Wexler, Asst. Dist. Atty. Gen., Greeneville, for respondent.

## OPINION

DWYER, Judge.

The petitioner is serving a sentence of twenty-five years, having been convicted in 1965 by jury for committing the offense of murder in the first degree. He was represented at the trial by two retained counsel, one of whom at the time of this hearing was deceased. His retained counsel did not appeal his conviction and this is the primary urging by retained counsel on this appeal, following the dismissal of the petition for post-conviction relief after an evidentiary hearing. On this appeal petitioner has been adjudicated an indigent by the trial court.

The petition was dismissed on February 19, 1971, with ninety days being allowed for the filing of the bill of exceptions, which was timely filed on May 11, 1971. The motion of the State to affirm on the technical record is denied.

■ From our review of the record the facts reflect that the petitioner is laboring under the sentence imposed as a result of killing his wife in August of 1964. At his trial in January of 1965, he was represented by two retained counsel. He filed a fourteen-page petition for post-conviction relief on October 7, 1970. His allegations are the following: Evidence was suppressed at the trial; there was perjured testimony in the record; his trial counsel was ineffective; and, at this hearing the trial court denied him a fair hearing by not granting a continuance. We evaluate the fact finding of the trial court in this record on settled law that in non-jury cases where the trial judge sees and hears the witnesses his rulings thereto are given the weight of a jury verdict. See Taylor v. State, 180 Tenn. 62, 171 S.W.2d 403. The trial judge's findings are conclusive upon questions of fact and will not be disturbed unless the evidence preponderates against his judgment. See State ex rel. George v. Johnson, 217 Tenn. 1, 394 S.W.2d 641. With the above in mind we evaluate petitioner's contentions.

■ Petitioner's first urging, regarding suppression of evidence at the trial, is that a witness who was arrested at the time of the event made statements indicating complicity in the crime. At the hearing this assertion was fully ventilated and found by the learned trial judge to be without merit. We note that the knowledge of this witness was made known to counsel representing the petitioner. We do not think post-conviction review permits our second guessing trial counsel as to witnesses called or not called. We find no reason to disturb the trial judge's judgment. See State ex rel. George v. Johnson, supra. The assignment is overruled.

■ The contention of perjured testimony is bottomed on the testimony of the doctor who took a specimen of blood from the petitioner on the night of the incident. The test reflected an alcohol content of .014 in defendant's blood. The doctor testified that defendant on the night of the offense did not stagger and looked sober. We fail, as the trial judge did, to see where the doctor's opinion testimony is made out to be perjury by the results of the blood test. See State ex rel. George v.

Johnson, supra. This assignment is overruled. In passing, we gather that petitioner feels his intoxication at the time of the offense was not adequately exploited at the trial. This, of course, is a question which resolves itself to the sufficiency of the evidence, which is not an avenue for the use of the Post Conviction Procedure Act. See Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965), cert. den., 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152.

Petitioner's next contention involves his loss of appeal by his attorneys. He contends he was unaware of appellate opportunities for his status. He urges that being unable to bear the expenses of the appeal, he was denied by State action his review as guaranteed by Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811 and Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, both of which denounce invidious discrimination, where a defendant of means obtains an appeal and a defendant without means is denied an appeal. To bring such a contention into focus a factual recitation is of necessity. The defendant was represented by retained counsel. He was present when the trial court overruled his motion for a new trial on February 12, 1965, and gave him sixty days in which to perfect his appeal. In substance, this is verified by the testimony of the petitioner in this record. It further appears that a discussion of the appeal was had between petitioner, his father, and counsel, about the fee for appeal. The allotted time elapsed without the filing of the bill of exceptions. On May 17, 1965, petitioner executed a written motion withdrawing his appeal. Of course, the time for doing so had also expired. He then reasons this indicates his total unawareness of his right as an indigent to have counsel provided for him. As we view this, it is more indicative of his acquiescence in not appealing his conviction. The trial court found as fact that no State official was informed or put on notice that petitioner desired an appeal. In other words, there was no action involved that could be imputable to the State which caused the loss of the appeal. In our review of this record we agree with the learned trial judge's findings. See State ex rel. Dych v. Bomar, 213 Tenn. 699, 703, 378 S.W.2d 772. We hold therefore in the absence of petitioner alerting State officials of his desire to appeal, there is an absence of discrimination within the ambit of Douglas v. California, *supra*, and Griffin v. Illinois, *supra*. The assignment is overruled. We further note the acts or non-acts of retained counsel are not imputable to the State in this record from our review. See State ex rel. Johnson v. Heer, 219 Tenn. 604, 412 S.W.2d 218.

Petitioner lastly contends that the trial court denied him a fair hearing by not continuing the matter when some of his witnesses could not be found. It appears that the witnesses consisted of a witness who would testify to newly discovered evidence, which evidence was known to petitioner at the time of trial; witnesses who would relate his drunkenness at the time of the crime, which is not within the scope of post-conviction proceedings; and, a doctor whose evidence or testimony was stipulated. The petitioner was not denied a fair hearing by the action taken by the trial court in denying the continuance to obtain such witnesses. This action during the post-conviction hearing does not and would not make petitioner's trial conviction void. The burden of proving petitioner's allegations that his conviction and sentence are void is upon the petitioner. See State ex rel. George v. Bomar, 216 Tenn. 82, 390 S. W.2d 232. He has not carried that burden.

The judgment of the trial court in dismissing the petition is affirmed.

RUSSELL and MITCHELL, JJ., concur.