James L. **TOLLIVER**, Appellant,

v.

**STATE** of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 19, 1981.

Permission to Appeal Denied by the Supreme Court
March 22, 1982.

**914**

Henry & Duval, Chattanooga, for appellant.

William M. Leech, Jr., Atty. Gen., J. Andrew Hoyal, II, Asst. Atty. Gen., Nashville, Gary Gerbitz, Dist. Atty. Gen., Chattanooga, Thomas J. Evans, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

DUNCAN, Judge.

The appellant, James L. Tolliver, an inmate of the state penitentiary where he is serving multiple sentences for the crimes of rape, armed robbery and crime against nature,[1] appeals the trial court's dismissal of his post-conviction relief petition.

The issues in this appeal are (1) whether the appellant received the effective assistance of counsel, and (2) whether he was deprived of his constitutional rights by his inability to petition the Supreme Court for a writ of certiorari due to his indigence and unavailability of appointed counsel.

Regarding his first issue, Tolliver specifically argues that his trial counsel, the Honorable John Dickey, ineffectively represented him because Mr. Dickey failed to request a severance of appellant's trial from that of a co-defendant, Joe Ford, Jr., failed to put the appellant on the witness stand to testify, and failed to give a closing argument.

In his testimony at the evidentiary hearing, Tolliver conceded that his trial counsel adequately investigated the case, and that

he did not request Mr. Dickey to move for a severance. He said he asked Mr. Dickey for advice on whether he should testify but got no response. He testified he did not tell his trial counsel during the trial he wanted to testify. Tolliver conceded that it was not until after the jury's verdict that he decided he should have testified. He admitted that he agreed with his trial counsel that oral argument should be waived and that he signed a waiver form to that effect.

According to the testimony of Mr. Dickey, he did not file a motion for severance because he did not feel it would be granted. However, the matter was discussed with Tolliver, but Tolliver's view was that he and Ford would "sink or swim together." Mr. Dickey discussed Tolliver's right to testify with him and advised him that his two (2) prior felony convictions might be brought out if he did testify. Also, Mr. Dickey said that Tolliver's statement to the police contained the substance of what he would have testified about, and they were "relying on that very much" in their strategy. At any rate, Mr. Dickey left the final decision to Tolliver, who chose not to testify.

Further, Mr. Dickey explained that because he and Tolliver felt that Joe Ford, Jr., was more responsible for the crimes than Tolliver, it was understood between them that their strategy would be to maintain a low profile throughout the trial. Consistent with this strategy and in order to forestall a strong closing argument by the prosecuting attorney, he and Tolliver agreed that argument should be waived. Mr. Tolliver even signed a waiver signifying his acquiescence in this strategic move.

■ After a review of the entire record, we find that the evidence supports the trial court's ruling that the appellant received effective representation by his trial counsel.

■ As a reviewing court, we will not second guess trial counsel as to the strategy used at trial. *See Brotherton v. State*, 477 S.W.2d 522 (Tenn.Cr.App.1971). An accused is not deprived of the effective assist-

---

1. The appellant's convictions were affirmed by this Court on direct appeal. *See Joe Ford, Jr.,* *and James L. Tolliver v. State*, No. 584 (Tenn. Cr.App., Knoxville, April 6, 1978).

ance of counsel because a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276 (Tenn.Cr.App.1980).

Further, in view of the overwhelming evidence against the appellant which confronted Mr. Dickey in the trial of the appellant's case, it cannot be said that his decision to use a "low-key approach" was an unreasonable tactic. *See State v. Bobby Lee Turner*, No. 90 (Tenn.Cr.App., Jackson, September 24, 1981).

This record demonstrates that Mr. Dickey's representation of the appellant was well within the range of competence demanded of attorneys in criminal cases, as discussed in *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975).

In his other issue, the appellant contends that due to his indigence and the unavailability of appointed counsel, he was constitutionally deprived of his right to petition for a writ of certiorari to the Supreme Court from our Court.

An indigent has no constitutional right to have counsel appointed for the purpose of pursuing a second tier discretionary appeal. *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Also, in Tennessee, by statute, an indigent's court appointed attorney is not required to pursue a second tier discretionary appeal, by applying to the Supreme Court for writ of certiorari. T.C.A. § 40–2018 (Supp.1981). However, a defendant does have a right to file a *pro se* petition for writ of certiorari, and failure of his counsel to so advise him of this right may result in a finding that his counsel ineffectively represented him. *See State v. Hopson*, 589 S.W.2d 952 (Tenn.Cr.App.1979); *see also Moultrie v. State*, 542 S.W.2d 835 (Tenn.Cr.App.1976).

Rule 14 of the Supreme Court Rules now requires that an indigent's counsel, in order to withdraw after final adverse decision in the Court of Criminal Appeals, must take certain formal steps, one being that he must advise the defendant of his right to file a *pro se* application for permission to appeal to the Supreme Court.

While Rule 14 was not in effect at the time the appellant's case was terminated in the Court of Criminal Appeals, nevertheless Mr. Dickey substantially complied with this rule. The record shows that Mr. Dickey forwarded the appellant a copy of this Court's opinion and his motion to withdraw as counsel. He advised the appellant of the time in which to file a petition for writ of certiorari and forwarded to the appellant a prepared letter for him to sign and mail to the clerk of the Supreme Court, if he desired to appeal his case to that Court. There is nothing in the present record nor in the original trial record (which we have reviewed) to show that the clerk of the Supreme Court ever received this letter or any other notification from the appellant signifying his desire for a review of his case by the Supreme Court.

Thus, we conclude from the record that the appellant was aware of his right to file a *pro se* application for permission to appeal to the Supreme Court and chose not to do so. We find that the appellant suffered no constitutional deprivation in this matter.

The evidence supports the trial court's denial of the appellant's petition. The judgment is affirmed.

DAUGHTREY and SCOTT, JJ., concur.