Carlos McGEE, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Jackson.

Aug. 26, 1987.

Thomas L. Brannon, Walsh, McWhirter & Wyatt, Memphis, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Norma Crippen Ballard, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

DWYER, Judge.

This is an appeal of right by Carlos McGee from the dismissal of his post-conviction petition, pursuant to T.C.A. § 40–30–101 *et seq.* after an evidentiary hearing. Petitioner presents a single issue for review.

The issue: Whether retained counsel failed to advise petitioner concerning the requirements for a petition for permission to appeal to the Supreme Court, thus denying petitioner of his constitutional right to the effective assistance of counsel.

The evidence adduced at appellant's hearing reveals the following:

The petitioner testified that his retained counsel did not advise him that his conviction had been affirmed by this Court in an unpublished opinion styled *State v. Carlos McGee,* released at Jackson on February 13, 1985. He further related that he found out his conviction had been affirmed when the Clerk of this Court, in response to a letter, sent him a copy of the opinion on May 21, 1985, well past the time for the filing of a permission to appeal. See Rule 11, Tenn.R.App.P. Hence, his plaint that counsel was ineffective. The petitioner relies upon *Moultrie v. State,* 542 S.W.2d 835 (Tenn.Crim.App.1976); *State v. Hopson,* 589 S.W.2d 952 (Tenn.Crim.App.1979); *Tolliver v. State,* 629 S.W.2d 913 (Tenn.Crim.App.1982); and Section 8.2 of the ABA Standards as endorsed by the Court in *Baxter v. Rose,* 523 S.W.2d 930 (Tenn.1975) to argue that counsel's failure to advise him violated his right to effective assistance of counsel and caused the loss of his "right to further appeal."

On the other side of the scale, his retained counsel testified that he had 35 years experience in the practice of law. He was licensed to practice in this state, Texas, New Mexico and the Republic de Chihuahua de Mexico. He related to the trial court that when he received the affirming opinion of this Court, he personally took it to the incarcerated petitioner. Counsel further explained to the petitioner second-tier appellate review and the time frame of Rule 11(b), Tenn.R.App.P. Counsel also advised petitioner that he felt there was no basis for further appeal. The petitioner was also informed that if he desired to appeal it would be necessary to procure the services of other retained counsel or petition for court-appointed counsel. In all candor, trial counsel related to the Court that he had done all that he could for petitioner, had informed him that he was not going to continue his representation, and advised petitioner as to what to do should he wish to appeal to the Supreme Court.

Clearly, the right of an accused in a criminal prosecution to the effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution. The appropriate test is whether the performance of trial counsel was "within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose, supra.*

The United States Supreme Court has stated that the burden of proof of a criminal defendant making an assertion of ineffectiveness is twofold:

1) He must show that the representation was deficient; and further,

2) He must show that the deficiency prejudiced the defense, depriving defendant of a fair trial.

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial court's findings of fact are conclusive unless this Court finds that the evidence preponderates against the lower court's judgment. *Graves v. State,* 512 S.W.2d 603, 604 (Tenn.Crim.App.1973). Furthermore, the burden in a post-conviction proceeding rests upon the petitioner to prove his allegations by a preponderance of the evidence. *Long v. State,* 510 S.W.2d 83, 86 (Tenn.Crim.App.1974); *Weddle v. State,* 2 Tenn.Cr.App. 270, 276, 453 S.W.2d 426, 429 (1969).

In the case *sub judice*, the learned trial court accredited the testimony of the attorney with an accompanying disregard for the petitioner's testimony. The trial court, in its findings of fact and conclusions of law, determined that retained trial counsel had in fact advised his client that he would not longer represent the petitioner, and that petitioner should seek other retained counsel or petition for court-appointed counsel in the event he wished to appeal. The trial court further found that counsel advised his client completely and in a timely manner concerning the requirements for perfecting an appeal to the Supreme Court. See Rule 11, Tenn.R.App.P.

On appeal, findings of the trial court in matters of this kind are conclusive unless the evidence preponderates against such findings. *Graves v. State, supra.* The evidence in this instance fully supports the trial court's dismissal of this petition. Accordingly, we find that trial counsel, in so advising his client regarding second-tier appellate review, performed within the range of competence demanded of attorneys in criminal cases consistent with Section 8.2 of the ABA Standards Relating to the De-

fense Function endorsed by the *Baxter* court.

We also find that trial counsel had in fact terminated his representation of petitioner, and therefore, owed him no additional duty to proceed with his appeal. In contrast, the cases relied upon by petitioner all involve fact situations where counsel had agreed to represent clients in their appeal to the Supreme Court or otherwise owed this duty. *See Moultrie v. State, supra; State v. Hopson, supra;* and *Tolliver v. State, supra.* Thus, the matter before us entailed no ineffective assistance of counsel or prejudice to the petitioner. *See Strickland v. Washington, supra.*

The issue, therefore, is without merit and the judgment of the trial court is affirmed.

DAUGHTREY and BIRCH, JJ., concur.