IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 12, 2000 Session

## JIMMY LEE PIERCE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Fayette County**
**Nos. 4514 and 4515   Jon Kerry Blackwood, Judge**

---

### No. W2000-00630-CCA-R3-CD - Filed November 2, 2000

---

The petitioner, Jimmy Lee Pierce, was convicted of aggravated kidnapping and was sentenced to a term of 11 years. Because the petitioner received the effective assistance of counsel at trial and because there is no merit to his claim that the evidence was insufficient to convict, he is not entitled to post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

William S. Rhea, Somerville, Tennessee, for the appellant, Jimmy Lee Pierce.

Paul G. Summers, Attorney General and Reporter, Lucian D. Geise, Assistant Attorney General, Elizabeth Rice, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Jimmy Lee Pierce, appeals the trial court's denial of his petition for post-conviction relief. The issues presented for review are whether the petitioner was denied effective assistance of counsel at trial and whether there was sufficient evidence to convict. The judgment is affirmed.

On May 17, 1997, the victim, Samuel Richardson, was driving his gray Ford LTD through Fayette County. Lou Ann Vester was a passenger. When the victim saw the petitioner and two other men, Jermaine Johnson and Terrance Hunt, he offered them a ride. Along the way, Ms. Vester told the victim that she wanted to purchase some beer. The victim, who did not want to go drinking, drove to Ms. Vester's house and gave the petitioner his car keys. The petitioner, Johnson, and Hunt were supposed to buy some beer and then return with the victim's car. When they failed to return, the victim began to search for them.

The victim testified that he eventually saw the petitioner driving his car and signaled him to stop. The victim then asked the petitioner why he had not returned the automobile. When the petitioner answered that he had to "take care of business," an argument ensued and the petitioner drove to a dead-end street and stopped the vehicle. The petitioner, Johnson, and Hunt then assaulted the victim and forced him into the trunk of the car. As a vehicle passed near the assailants, however, the victim was able to escape. The petitioner and his friends then turned the car around and seized the victim a second time. They were attempting to shove the victim into the trunk when the police intervened.

At trial, the petitioner claimed that the only reason the victim offered him and his friends a ride was because he needed drug money. He explained that the victim offered to let him use the car for five hours in exchange for 30 dollars. During this time, the petitioner and his friends damaged the car trunk so that it would not completely close. The petitioner maintained that when the victim flagged down the car and saw the damaged trunk, he became enraged. He contended that the victim swung at him with a baseball bat, but missed. The petitioner, claiming self-defense, testified that he punched the victim in the mouth, knocking him down. He then asserted that he helped the victim to his feet. It was at this point that Officer Chearis arrived on scene.

The jury returned a guilty verdict for aggravated kidnapping. On direct appeal, this court affirmed. State v. Pierce, No. 02C01-9807-CC-00227 (Tenn. Crim. App., at Jackson, June 17, 1999). Our supreme court denied permission to appeal on October 29, 1999.

In his petition for post-conviction relief, the petitioner asserted that trial counsel was ineffective for failing to adequately communicate with him or otherwise prepare a proper defense; for failing to investigate; and for failing to interview witnesses. At the conclusion of the evidentiary hearing, the post-conviction court ruled that the petitioner received effective assistance of counsel. It concluded that trial counsel adequately communicated with the petitioner and that the petitioner was unable to establish how the investigation was inadequate or how Ms. Vera Anderson's testimony would have been beneficial at trial. The trial court dismissed altogether the attack upon the sufficiency of the evidence.

In a post-conviction proceeding, the petitioner has the burden of proving factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The findings of fact made by the trial court are conclusive on appeal unless the petitioner is able to establish that the evidence preponderates against those findings. Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App. 1978); Graves v. State, 512 S.W.2d 603 (Tenn. Crim. App. 1973).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984).

On a claim of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In this appeal, the petitioner first argues that his trial attorney failed to adequately prepare two witnesses, Jermaine Johnson and Terrance Hunt. He claims that the witnesses could have had a greater impact on the jury if they had been more "polished" in the presentation of their testimony. At trial, Johnson testified that petitioner was acting in self-defense after the victim swung at him with a baseball bat. Hunt's testimony was substantially the same. Each witness substantiated the petitioner's claim of self-defense. The petitioner alleges no particular error on the part of trial counsel, but is dissatisfied that the jury chose to believe the testimony of the victim and other witnesses for the state over that provided by the petitioner and his witnesses. The "weight and credibility of testimony of a witness, and the reconciliation of conflicts of testimony, are, of course, matters entrusted exclusively to the jury as the triers of fact." State v. Boyd, No. 01C01-9109-CR-00281 (Tenn. Crim. App., at Nashville, November 24, 1996) (quoting Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). At the post-conviction hearing, the petitioner was unable to demonstrate how his trial counsel might have better prepared Johnson and Hunt so as to enhance their credibility. Absent that, this court cannot grant relief.

The petitioner also argues that his trial counsel was unprepared to call a witness by the name of Vera Anderson, who, he claims, could have rebutted the testimony of Natasha Reed, one of the state's witnesses. At trial, Ms. Reed, who was working inside the salon, testified that she ran outside, saw the victim, and heard him yelling for help. Ms. Reed identified the petitioner and overheard his threat to kill the victim. At the post-conviction hearing, Ms. Anderson, who was inside the same beauty salon when someone ran inside with news of a fight, testified that "[e]verybody went outside, and . . . I didn't see anything." She said that she heard some "commotion" and then returned to the salon. Ms. Anderson testified that she never saw anyone being placed in an automobile trunk. She also opined that Ms. Reed could not have seen anyone being placed in a trunk either, since Ms. Reed had been standing near her. The record of the trial, however, shows that Ms. Reed never testified that she saw the victim being placed into the trunk. In fact, the "commotion" that Ms. Anderson described does not conflict with Ms. Reed's account of the events. Under these circumstances, trial counsel cannot be held to have performed ineffectively.

Second, the petitioner claims that trial counsel was ineffective because he failed to adequately and properly interview the state's witnesses. The record, however, indicates that trial counsel did elicit evidence of the alleged baseball bat attack through the testimony of the petitioner, Jermaine Johnson, and Terrance Hunt. The self-defense claim was presented. Again, the weight and credibility of witnesses' testimony are exclusively within the province of the jury as the trier of fact. State v. Locust, 914 S.W.2d 554, 558 (Tenn. Crim. App 1995). The petitioner has been unable to demonstrate how his trial counsel might have better prepared for the cross-examination of the

-3-

witnesses for the state, in order to support the self-defense theory. Thus, there is no basis for relief on this claim.

Third, the petitioner claims that trial counsel was ineffective because he failed to adequately communicate with him and otherwise prepare his defense for trial. Attorney Shana McCoy-Johnson, who was initially appointed as counsel, left the public defender's office on maternity leave. Gary Antrican was appointed as replacement counsel. The proof presented at the evidentiary hearing established that Attorney Antrican and/or Attorney McCoy-Johnson met with the petitioner on at least three occasions. They discussed various defenses, talked about trial procedure, addressed the cross-examination of state witnesses, and discussed possible defense witnesses. The petitioner gave Attorney Antrican a list of potential witnesses, including Jermaine Johnson, Terrance Hunt, Shaquita Holmes, Jamie Scott and Vera Anderson. All but Ms. Anderson testified at the trial. While there could have been more communication between the petitioner and his trial attorneys, the petitioner is unable to show how he was prejudiced by only three instances of direct communication. Each defense witness either testified at the trial or was unable to provide information helpful to the defense. Certainly, the evidence does not preponderate against the post-conviction court's conclusion that there was adequate communication.

Fourth, the petitioner claims that trial counsel failed to point out the differences between Officer Dennis Chearis' trial testimony and the information he provided to Officer Clyde Wilson. At trial, Officer Chearis testified that he was responding to a call when he saw the headlights on the victim's car going up and down. He contended that he saw four men at the back of the car; the trunk was open. He testified that he saw the petitioner holding the victim and that when he turned on his blue lights, the petitioner and his two friends hurriedly entered the victim's car and sped away. On cross-examination, Officer Chearis acknowledged that he never saw the victim in the trunk. In the offense report prepared by Officer Wilson, however, Officer Chearis is quoted as having observed three black males trying to shut the trunk lid on a fourth male. The report provided that when the three individuals saw him, they jumped into the car and the victim escaped from the trunk. In this appeal, the petitioner claims that his trial counsel's failure to attack Officer Chearis' credibility constituted ineffective assistance of counsel. In order to establish a claim of ineffective assistance, the petitioner must establish that trial counsel's failure to attack his credibility fell below the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of his trial would have been different. Strickland, 466 U.S. at 693; Baxter, 523 S.W.2d at 936. In this instance, the petitioner has failed to meet his initial burden. Because the content of the report was more incriminating than Officer Chearis' testimony, there could have been at least one strategic reason not to attack his credibility. Trial counsel may have wanted to restrict, as much as possible, any reference to the victim being placed inside the trunk. This court may not second-guess the tactical and strategic choices made by trial counsel unless those choices are uninformed because of inadequate preparation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Trial counsel may not be deemed ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 281 (Tenn. Crim. App. 1980). The burden is on the petitioner to prove his allegations by a preponderance of the evidence. McGee v. State, 739 S.W.2d 789 (Tenn. Crim. App. 1973). Even if trial counsel's performance was

deficient, petitioner has not shown that the result of the trial would have been different if his trial counsel had cross-examined the officer on the inconsistent statements. Without such a showing, no relief can be granted.

As his final allegation of ineffective assistance, the petitioner claims that his trial counsel failed, during argument, to point out that Johnson and Hunt were not charged in the incident; failed to argue that the victim's bloody nose was a result of self-defense on the part of the petitioner; failed to underscore that Ms. Reed never saw someone in the trunk; and failed to argue the inconsistencies in Officer Chearis' testimony. To warrant relief, the petitioner must show that there is a "reasonable probability," which is a probability sufficient to undermine confidence in the outcome, that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 693. In our view, the petitioner has failed to show how any of the alleged errors would have changed the outcome of the trial.

As a separate issue, the petitioner asserts that a judgment of acquittal should be granted, because there was insufficient evidence. On direct appeal, however, this court concluded that there was sufficient evidence to convict petitioner for aggravated kidnapping. Pierce, No. 02C01-9807-CC-00227. Post-conviction proceedings may not be employed to raise and relitigate or review questions decided and disposed of in a direct appeal from a conviction. Morgan v. State, 1 Tenn. Crim. App. 454, 445 S.W.2d 477 (1969). This issue has been previously determined. See Tenn. Code Ann. § 40-30-206(f). Therefore, this issue is without merit.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE