**STATE of Tennessee, Appellee,**

v.

**Robert M. REEVES, Appellant.**

**No. 151.**

Court of Criminal Appeals of Tennessee.

Sept. 11, 1980.

William M. Leech, Jr., Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, Larry Weems, Asst. Atty. Gen., Heiskel Winstead, Dist. Atty. Gen., Greeneville, for appellee.

Robert M. Reeves, pro se.

## OPINION

O'BRIEN, Judge.

Defendant appeals from his conviction for use of a credit card with the intent to defraud in the Criminal Court of Greene County. He was sentenced to serve not less than three (3) nor more than six (6) years with the sentence to begin at the expiration of a prior sentence.

The record indicates, and subsequent pleadings filed by defendant affirm, that after his motion for new trial was overruled and an appeal granted a motion on his part to dismiss his attorney of record was approved in the trial court.

The State has moved the court to dismiss defendant's appeal for failure to file his brief within the time provided by Rule 29(c), Tenn.R.App.Proc. We decline to do so, preferring to suspend the rules in accordance with Rule 2 in order that this appeal might be disposed of in the most expeditious possible manner and brought to its proper conclusion.

■ Defendant has endeavored to represent himself in this matter. In his brief he raises no specific error for review but, instead, moves the court to review the records filed in the cause and render such judgment thereon as the law demands. We note first of all that neither the United States Constitution nor the Constitution of the State of Tennessee, according a defendant the right of self-representation at conviction trial proceedings, confer a similar privilege at appellate proceedings, including post-conviction review. See *Price v. Johnston,* 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed.2d 1356 (1948):

"The discretionary nature of the power in question grows out of the fact that a prisoner has no absolute right to argue his own appeal or even to be present at the proceedings in an appellate court. The absence of that right is in sharp contrast to his constitutional prerogative of being present in person at each significant stage of a felony prosecution, and to his recognized privilege of conducting his

own defense at the trial. Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Among those so limited is the otherwise unqualified right given by § 272 of the Judicial Code, 28 U.S.C. § 394 [now § 1654], to parties in all the courts of the United States to 'plead and manage their own causes personally.' "

■ Nonetheless, in accordance with Tenn.R.App.Proc. 13(b) and 36, we have examined this entire record to determine if there was error in the trial proceedings. We find that the State's proof clearly shows, and defendant concedes by his testimony, that he made a number of credit purchases from various J. C. Penney Stores representing himself to be the lawful holder of a credit card issued in the name of Robert F. Hoss, Jr. Defendant did not deny the use of the credit card as set forth in the indictment, but, testified that he utilized the card with the authority and permission of Mrs. Sarah Hoss, wife of the card owner. The jury rejected this defense. On the evidence contained in this record we have concluded they were justified in doing so. It is the duty of the jury to hear the witnesses, determine their credibility, and resolve any conflicts in the evidence in considering their verdict. If their verdict should be against a defendant it is his burden then to demonstrate on appellate review that the evidence preponderates against his conviction. It is the duty of this Court to ascertain that the evidence is sufficient to support a finding of guilt beyond a reasonable doubt by a rational trier of fact. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Rule 13(e) Tenn.R.App.Proc.

We do not find any error in the trial proceedings and affirm the judgment of the trial court.

WALKER, P. J., and DWYER, J., concur.