**William Paul BOGUS, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 18, 1986.

Permission to Appeal Denied by Supreme Court Sept. 29, 1986.

Mark W. Fowler, Union City, for appellant.

W.J. Michael Cody, State Atty. Gen. and Reporter, William Barry Wood, Asst. State Atty. Gen., Nashville, Lyman Ingram, Asst. Dist. Atty. Gen., Dyersburg, for appellee.

## OPINION

BYERS, Judge.

This is an appeal from the dismissal of a post-conviction petition after an evidentiary hearing.

The only issue raised by the appellant on this appeal is whether an accused, who has accepted the appointment of counsel to represent him, has been deprived of the effective assistance of counsel when the attorney refuses his client's demand that he call a witness to the stand.

The judgment is affirmed.

The appellant was convicted of armed robbery on the testimony of four eyewitnesses. His only defense to the charge was one of alibi.

The original trial attorney presented one solid witness on the alibi defense, but refused to call another witness, whom the appellant insisted he wanted called.

The evidence shows this witness could only testify that he drove the appellant to a house several hours prior to the robbery and that the appellant was drunk at the time. This witness had a previous felony conviction involving drugs.

The trial counsel testified in the hearing on the post-conviction proceeding that he elected not to call this witness because the testimony did not support the alibi defense. Counsel determined that the presentation of this witness would allow the state to show the witness's prior felony conviction and this would detract from the testimony of the solid alibi witness, who had testified.

The appellant insists he had the absolute right to make the election to call this witness under *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), which held that the sixth amendment to the United States Constitution granted the right to those accused to defend themselves without the aid of counsel.

█ The appellant misunderstands the *Faretta* rule. He may not accept the service of court-appointed counsel, rely thereon for defense and management of the case, and then insist he is entitled to control the presentation of the defense. *Faretta* clearly holds that the election of self-representation must be made prior to the commencement of trial. An accused may not selectively use or reject the use of counsel, once accepted, in the presentation of the case.

The appellant's assertion that he is entitled to a new trial on the absolute right to have a witness testify is without merit.

The matter of whether a new trial is required in this case turns on whether counsel was incompetent in not calling this witness.

█ It is obvious that counsel made a sound professional judgment in this matter. The witness's testimony would have been of no benefit to the appellant in the original trial. All this witness could show was that the appellant was associating with a convicted felon and was drunk on the day the crime was committed. Neither of these conditions is likely to endear an accused to a jury, and the attorney's decision not to call the witness was proper.

WALKER, P.J., and DUNCAN, J., concur.