Cleve COLE, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee,
at Knoxville.

March 27, 1990.

Permission to Appeal Denied by
Supreme Court Oct. 1, 1990.

Cleve Cole, Only, pro se.

Charles W. Burson, Atty. Gen. & Reporter, Bettye Springfield–Carter, Asst. Atty. Gen., Nashville, William E. Dossett, Dist. Atty. Gen., Robert L. Jolley, Jr., David C. Jennings, Michael G. Nassios, Asst. Dist. Attys. Gen., Knoxville, for appellee.

## OPINION

JONES, Judge.

This is an appeal as of right from a judgment of the trial court denying the appellant, Cleve Cole, post-conviction relief.

The appellant was convicted of conspiring to possess a controlled substance with the intent to sell, possession of a controlled

substance with the intent to sell, and possessing a firearm after having been convicted of a felony. The trial judge found that the appellant was a persistent offender and imposed the following Range II sentences: (a) a term of twenty (20) years in the Department of Correction for the offense of conspiring to possess a controlled substance with the intent to sell, (b) a term of twenty (20) years in the Department of Correction for the offense of possessing a controlled substance with the intent to sell, and (c) a term of five (5) years in the Department of Correction for possessing a firearm after having been convicted of a felony. The trial judge ordered that the two drug-related offenses are to be served concurrently, but the sentence for possessing a firearm after having been convicted of a felony was ordered to be served consecutively to the drug-related offenses. This Court affirmed the appellant's convictions and sentences.[1] The record does not reflect whether an application for permission to appeal was filed in this cause.

On July 17, 1986, the appellant filed a document entitled "Motion for the Issue of the Writ Habeas Corpus" with the clerk of the trial court. The appellant alleged several grounds for relief, including: (a) the denial of his motion to suppress and the failure of the trial judge to state his reasons for denying the motion, (b) his conviction is predicated in part upon perjured testimony, (c) the denial of the effective assistance of counsel, (d) the denial of the right to self-representation at the hearing on the motion for a new trial, (e) the denial of the right to compulsory process for witnesses to testify at the hearing on the motion for a new trial, and (f) the denial of appellate review of issues on direct appeal.

The trial judge made every effort to convince the appellant that he should permit counsel to represent him in this proceeding. He explained to the appellant the highly technical nature of issues deemed to have been previously determined or waived. He

---

**1.** *State v. Cleve Cole and Bill Settle,* Knox County No. 974, June 1984 Session at Knoxville, opinion filed August 22, 1984.

also explained to the appellant the need to make a proper record so that the he could appeal and have his issues reviewed on the merits if he was denied relief from his judgments of conviction.

The trial judge appointed three lawyers at different intervals to represent the appellant. On each occasion the appellant filed pleadings with the clerk of the trial court seeking the withdrawal of counsel and stating he wanted to proceed *pro se*. The trial judge permitted the attorneys to withdraw after it was learned that the appellant refused to cooperate with them; and the appellant's continuing objection to the appointment of counsel. As previously indicated, the appellant insisted at all stages of the proceedings that he wanted to proceed *pro se*.

The trial judge granted the appellant a hearing on the grounds raised in his petition. The trial judge properly treated the appellant's pleading as a petition for post-conviction relief.[2] Only one witness was called by the appellant. The purpose of calling the witness was to introduce a transcript of a telephone conversation between the informant and trial counsel. The trial judge subsequently denied the appellant relief from his convictions.

The trial judge found that the ground addressing (a) the motion to suppress had been previously determined, (b) the use of perjured testimony had been previously determined, (c) the denial of the effective assistance of counsel was not established at the hearing, (d) the right to proceed *pro se* at the hearing on the motion for a new trial was not established, (e) the denial of compulsory process was not established, and (f) the denial of appellate review regarding the issue of ineffective assistance was not established at the hearing.

2. T.C.A. § 40–30–108.

3. T.C.A. § 40–30–121.

4. T.C.A. § 40–30–107.

5. *See State v. Reeves,* 610 S.W.2d 730, 731 (Tenn. Crim.App.1980).

6. Neither the Sixth Amendment to the United States Constitution nor Art. I, Sec. 9 of the

## REPRESENTATION IN POST–CONVICTION PROCEEDINGS

■ The Post–Conviction Procedure Act provides in part that "[i]ndigency shall be determined and counsel and court reporters appointed and reimbursed as now provided for criminal and habeas corpus cases...."[3] The Act also provides that a petition for post-conviction relief should not be dismissed until the petitioner has been given a reasonable opportunity, with the aid of counsel, to file an amended petition.[4] Rule 13(1) of the Tennessee Supreme Court provides that if "a petition for ... post-conviction [relief] ... has been filed, the Court shall advise the party that he has a right to be represented by counsel throughout the case and that counsel will be appointed to represent him if he so desires and if he is financially unable to obtain counsel." Thus, if the petitioner is indigent, and requests that counsel be appointed to represent him, the trial judge is required to appoint counsel to represent the petitioner if the trial judge cannot determine from the face of the record and the petition whether the petitioner is entitled to an evidentiary hearing or the petitioner is entitled to a hearing.

■ The petitioner has neither a constitutional nor a statutory right to self-representation in a post-conviction proceeding.[5] The constitutional right to self-representation, guaranteed by both the United States and Tennessee constitutions, is not applicable to post-conviction proceedings.[6] However, the petitioner has a common law right to self-representation, which is recognized by Tenn.Sp.Ct.Rule 13(1). However, it is not advisable for the petitioner to exercise this right.

■ When a trial judge grants a petitioner's request to proceed *pro se*, the petition-

Tennessee Constitution is applicable to post-conviction proceedings. *See Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *State v. Oates,* 698 S.W.2d 79, 81 (Tenn. Crim.App.1985); *State v. Garrard,* 693 S.W.2d 921, 922 (Tenn.Crim.App.1985); *State v. Wilson,* 667 S.W.2d 113, 114 (Tenn.Crim.App.1983).

er must comply with the relevant statutes, rules and common law applicable to post-conviction proceedings.[7] Also, the trial judge "is under no obligation to become an 'advocate' for or to assist and guide the *pro se* layman through the trial thicket."[8] In short, the petitioner assumes the responsibility for his inadequacies.[9]

A *pro se* petitioner must also comply with the relevant statutes, rules and common law governing appellate practice. In addition, the *pro se* petitioner is bound by the record he has created in the trial court. In *United States v. Dujanovic*,[10] the court noted that "one of the penalties of self-representation is that [the appellant] is bound by his own acts and conduct and held to his record."[11]

If the *pro se* petitioner fails to present evidence in support of the grounds raised in his petition, or fails to properly introduce exhibits he deems necessary to a consideration of a ground, the petitioner must suffer the consequences of his omissions.

The appellant states in his brief: "Appellant has no knowledge as to what makes up the record in the cause now before this Honorable Court." As previously noted, this is one of the penalties of self-representation.

## THE USE OF PERJURED TESTIMONY

■ The appellant alleged in his petition that he was convicted in part on perjured testimony. The trial judge held this issue was previously determined because on direct appeal this Court ruled upon the sufficiency of the convicting evidence.

It has long been established that issues concerning the sufficiency of the evidence,[12] the guilt or innocence of the accused,[13] and the competency[14] or credibility[15] of witnesses, who testified at the trial, are not cognizable in post-conviction proceedings. In *Gant v. State*,[16] this Court said that an allegation to the effect the prosecution used false or perjured testimony to obtain the conviction is but another way of questioning the sufficiency of the evidence.

As the trial court noted, this Court addressed the question of whether the evidence was sufficient in his direct appeal. Also, the appellant failed to establish at the hearing that (a) the informant gave false testimony or (b) the state called the informant knowing that he would commit perjury.

This issue is without merit.

## MOTION TO SUPPRESS EVIDENCE

■ The appellant alleged in his petition that the trial judge who presided at this trial committed error in (a) denying his motion to suppress and (b) failing to state his reasons for denying the motion. The trial judge correctly ruled that these issues were previously determined.

■ A ground for relief has been previously determined when "a court of competent jurisdiction has ruled on the merits" of the ground in a previous proceeding.[17] In

7. *See United States v. Pinkey*, 548 F.2d 305 (10th Cir.1977); *United States v. Dujanovic*, 486 F.2d 182 (9th Cir.1973).

8. *United States v. Pinkey*, supra at 311.

9. *See United States ex rel. Smith v. Pavich*, 568 F.2d 33 (7th Cir.1978).

10. 486 F.2d 182 (9th Cir.1973).

11. *United States v. Dujanovic*, supra, 486 F.2d at 188.

12. *Gant v. State*, 507 S.W.2d 133, 137 (Tenn. Crim.App.1973); *Ray v. State*, 489 S.W.2d 849, 851 (Tenn.Crim.App.1972); *Parton v. State*, 483 S.W.2d 753, 755 (Tenn.Crim.App.1972); *Brother-*

*ton v. State*, 477 S.W.2d 522, 524 (Tenn.Crim. App.1971).

13. *See Sloan v. State*, 477 S.W.2d 219, 220 (Tenn.Crim.App.1971); *State ex rel. Leighton v. Henderson*, 1 Tenn.Crim.App. 598, 615–616, 448 S.W.2d 82, 89 (1969).

14. *Long v. State*, 510 S.W.2d 83, 88 (Tenn.Crim. App.1974); *Ray v. State*, supra.

15. *Gant v. State*, supra.

16. 507 S.W.2d 133, 136 (Tenn.Crim.App.1974).

17. T.C.A. § 40–30–112(a). *See Teague v. State*, 772 S.W.2d 915, 923 (Tenn.Crim.App.1988), cert. denied, —— U.S. ——, 110 S.Ct. 210, 107 L.Ed.2d

this case, the issues were raised on direct appeal, and this Court ruled adversely to the appellant. Unquestionably, the issue has been previously determined.[18]

This issue is without merit.

## DENIAL OF COMPULSORY PROCESS FOR WITNESSES

■ The appellant contends that he wanted witnesses to testify at the hearing on the motion for a new trial, but he was denied the right to compulsory process to obtain the witnesses. The trial judge found that the appellant failed to prove this ground. We agree.

This Court has made a careful study of the record to determine if the appellant was in fact denied compulsory process for the witnesses. The record fails to establish that (a) the appellant sought to have witnesses subpoenaed, (b) the substance of the witnesses' testimony, and (c) he was denied the means to obtain the presence of the witnesses.

This issue is without merit.

## DENIAL OF RIGHT TO SELF–REPRESENTATION

The petitioner contends that he was denied the right to represent himself at the hearing on the motion for a new trial in violation of the Sixth Amendment to the United States Constitution and Article I § 9 of the Tennessee Constitution.[19]

■ There are three essential prerequisites which the accused must satisfy before his constitutional right of self-representation becomes absolute. First, the accused must assert his right to self-repre-

sentation timely.[20] Second, the accused must knowingly and intelligently waive his constitutional right to counsel.[21] Third, the accused's request must be clear and unequivocal.[22] In the case *sub judice* the petitioner failed to satisfy two of the three prerequisites, i.e., he failed to assert his right of self-representation timely and his request was not clear and unequivocal. Furthermore, the record reflects that the appellant wanted hybrid representation as opposed to self-representation. Consequently, the petitioner cannot complain that he was denied his constitutional right to self-representation.

After the hearing on the motion for a new trial commenced, counsel advised the trial judge that he would argue the issues raised in the motion for a new trial he prepared, and, thereafter, the appellant would address the issues he raised in his *pro se* motion. While the appellant was not entitled to such hybrid representation,[23] the trial judge agreed to the arrangement.

The State called the attorney who represented the appellant at trial to refute the allegation that trial counsel was ineffective. Defense counsel thoroughly cross-examined the witness. As the witness was about to leave the witness stand, the appellant requested permission to ask the witness a question. The trial judge refused to permit the appellant to question the witness. Thereafter, defense counsel propounded the questions that the defendant wanted to ask. The refusal to permit the defendant to ask a question after the witness had completed his testimony did not violate the appellant's right to self-representation. As previously noted, the appel-

163 (1989); *Givens v. State,* 702 S.W.2d 578, 580 (Tenn.Crim.App.1985).

18. *Teague v. State,* supra; *Harvey v. State,* 749 S.W.2d 478, 479 (Tenn.Crim.App.1987).

19. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *State v. Herrod,* 754 S.W.2d 627 (Tenn.Crim.App.1988).

20. *Cecelio Marvell Harris v. State,* Shelby Criminal No. 161, C.C.A. at Jackson, opinion filed October 26, 1978. *See State v. Herrod,* supra; *United States v. Lawrence,* 605 F.2d 1321 (4th Cir.1979), cert. denied, 444 U.S. 1084, 100 S.Ct. 1041, 62 L.Ed.2d 770 (1980).

21. *State v. Northington,* 667 S.W.2d 57, 60 (Tenn.1984); *Herrod v. State,* supra; *State v. Armes,* 673 S.W.2d 174, 177 (Tenn.Crim.App. 1984).

22. *State v. Herrod,* supra; *Pryor v. State,* 632 S.W.2d 570 (Tenn.Crim.App.1982).

23. *See State v. Burkhart,* 541 S.W.2d 365 (Tenn. 1976); *State v. Melson,* 638 S.W.2d 342 (Tenn. 1982), cert. denied, sub. nom. *Melson v. Tennessee,* 459 U.S. 1137, 103 S.Ct. 770, 74 L.Ed.2d 983 (1983); *State v. Franklin,* 714 S.W.2d 252 (Tenn. 1986); *Bogus v. State,* 719 S.W.2d 307 (Tenn. Crim.App.1986).

lant was not entitled to hybrid representation.[24]

Counsel argued the issues that he had raised. The appellant made no effort to address the trial judge regarding the issues raised in the *pro se* motion. After the trial judge had ruled upon the merits of counsel's motion for a new trial, counsel advised the trial judge there were "two more things that Mr. Cole would like placed into the record." The appellant then stated: "Wait a minute. Wait a minute. Yeah." The appellant then advised the trial judge he wanted "to act in my own behalf here in this court." The trial judge responded in the negative. The appellant then stated he did not want to put the two items in the record.

The appellant's assertion of his right to self-representation came too late. He did not assert this right until after the trial judge had ruled upon the merits of the motion for a new trial. If the appellant wanted to argue the issues raised in his *pro se* motion, he should have asserted this right before the trial judge had ruled. He waived this right by failing to assert it timely.

This issue is without merit.

### INEFFECTIVE ASSISTANCE OF COUNSEL

 The appellant alleged in his petition that Mr. James R. Moore, who was appointed to represent the appellant, was ineffective due to his failure to make objections as well as his failure to call certain witnesses. Mr. Moore was called as a witness during the hearing on the motion for a new trial and again during the post-conviction hearing.

The appellant did not question Mr. Moore regarding the allegations contained in his petition when he testified during the post-conviction hearing. Nor did the appellant present other evidence to establish his claim that he was denied the effective assistance of counsel.

When Mr. Moore testified during the hearing on the motion for a new trial, he was questioned thoroughly regarding the appellant's allegation. He explained why he didn't call certain witnesses. Either the witnesses could not support the appellant's defense, or they were drug addicts whose testimony did not become relevant as had been contemplated. Calling these addicts as well as other witnesses with whom the addicts interacted would have been detrimental to his defense.

The testimony of Mr. Moore during the motion for a new trial was not included in the record transmitted to this Court incident to the appellant's direct appeal. Consequently, this Court could not consider this issue.[25]

Based upon the entire record in this cause, including the testimony of Mr. Moore during the hearing on the motion for a new trial, this Court concludes that the appellant was not denied his right to the effective assistance of counsel. The record fails to establish that (a) the services rendered or advice given by Mr. Moore fell below "the range of competence demanded of attorneys in criminal cases,"[26] or (b) the unprofessional conduct or errors of counsel "actually had an adverse effect on the defense."[27]

During the post-conviction hearing, the appellant argued that the lawyer who han-

---

24. *See State v. Burkhart*, supra; *State v. Melson*, supra; *State v. Franklin*, supra; *Bogus v. State*, supra.

25. The failure to present a complete record to an appellate court, which will permit the court to consider the issues raised, constitutes the ineffective assistance. *See Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *John Henry Green v. State*, Shelby County No. 61, December 1983 Session at Jackson, opinion filed March 3, 1984. However, the appellant was not prejudiced because the issue was not meritorious. *Evitts v. Lucey*, supra. *See Strick-*

land v. *Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

26. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975).

27. *Strickland v. Washington*, supra, 466 U.S. at 693, 104 S.Ct. at 2067, 80 L.Ed.2d at 697. *See Williams v. State*, 599 S.W.2d 276, 279 (Tenn. Crim.App.1980). This Court adopted the two-pronged test set forth in *Strickland* in *Best v. State*, 708 S.W.2d 421, 422 (Tenn.Crim.App. 1985).

dled his appeal was ineffective because he abandoned the appeal.[28] The record reflects that the appellant did not raise this issue in his petition for post-conviction relief nor did he or any other witness testify regarding this issue. This Court cannot speculate as to this issue.

The same is true regarding the appellant's statement that certain issues were not raised by counsel in the appellate court. It does not appear that these issues were meritorious. Moreover, counsel was not required to raise every issue contained in the motion for a new trial in the appellate court.[29] Again, the appellant failed to raise this ground in his petition; and he failed to prove the ground at the hearing. As previously stated, this Court cannot speculate as to this issue.

The trial judge gave the appellant every opportunity to prove both of these allegations, but the appellant voluntarily and knowingly elected not to offer any evidence to support the allegations.

This issue is without merit.

## THE ERRORS COMMITTED DURING POST–CONVICTION PROCEEDINGS

The appellant contends he was denied a fair hearing because the trial judge (a) denied him the right to admit certain documents into evidence, (b) failed to require the District Attorney General to furnish certain records, (c) denied him the right to make a complete record for appellate review, and (d) the trial judge's findings of fact and conclusions of law are inadequate.

These issues are without merit. The appellant elected to represent himself in this cause, the errors of which he now complains were caused by his own inadequacies, and, as previously stated, the appellant is bound by the record he created in the trial court. The trial judge continually explained to the appellant the need for a proper record, and the appellant shunned the trial judge's advice on each occasion.

The appellant was denied the right to introduce certain documents because he failed to present the documents in a proper manner. Documents cannot be admitted into evidence over an objection by adversary counsel unless the documents are properly authenticated by a witness, the documents are relevant to the proceedings, and they are admitted into evidence by the trial judge. A party cannot, as here, simply offer the documents as exhibits without laying the proper foundation.

The trial judge did not commit error in refusing to order the District Attorney General to furnish the appellant certain records. Either the appellant had these records in his custody, they were part of the record, or they were not material to the grounds raised by the appellant. The record clearly establishes that the appellant had access to every material document or transcript he requested.

The trial judge did not prohibit or interfere with the appellant's effort to create a proper record for appellate review. As previously stated, this was the result of the appellant's ineptness and lack of knowledge of how to create a record. He is bound by the record he created.

The trial judge's findings of fact and conclusions of law are completely adequate. The trial judge addressed each ground raised by the appellant, discussed the issue, and gave his reasons for rejecting each ground. This is set forth in the transcript of the hearing. He subsequently entered an order setting forth his decision and his reasons for his decision.

The judgment of the trial court is affirmed.

DWYER and REID, JJ., concur.

---

**28.** *See,* e.g., *Moultrie v. State,* 542 S.W.2d 835 (Tenn.Crim.App.1976); *Campbell v. State,* 576 S.W.2d 591 (Tenn.Crim.App.1978); *State v. Hopson,* 589 S.W.2d 952 (Tenn.Crim.App.1979); *Tolliver v. State,* 629 S.W.2d 913 (Tenn.Crim.App. 1981).

**29.** *See Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Charles Larry Shears v. State,* Shelby County No. 82, C.C.A. at Jackson, February 1984 Session, opinion filed July 5, 1984.