# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 18, 2001

## OUDON PANYANOUVONG v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Rutherford County**
**No. F-49500     J. S. Daniel, Judge**

---

**No. M2000-03152-CCA-R3-PC - Filed November 16, 2001**

---

JOSEPH M. TIPTON, J., concurring

I concur in the majority opinion, except I question whether a post-conviction petitioner has a right to self-representation at his or her will. In this respect, I view this court's statements in Cole v. State, 798 S.W.2d 261, 263 (Tenn. Crim. App. 1990), regarding a common law right to self-representation as dicta; self-representation was certainly not an issue in the appeal.

I do not believe that a trial court must be required to administer a post-conviction case through a petitioner who is imprisoned in a distant county and who has no reasonable means to investigate the case or to conduct pre-hearing business before the court. The fair and efficient administration of the justice system becomes an important consideration in allowing the trial court the discretion to have counsel involved, even over a petitioner's objection. I note that the United States Supreme Court has concluded that the various states are constitutionally "within their discretion to conclude that the government's interests outweigh an invasion of the appellant's interest in self-representation" and to prevent self-representation on appeal. Martinez v. Court of Appeal of Cal., 528 U.S. 152, 163-64, 120 S. Ct. 684, 692 (2000). I believe that a similar weighing of interests and result exist for post-conviction cases at the trial level.

_____
JOSEPH M. TIPTON, JUDGE