# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 15, 2003

## CHARLES WILLIAM YOUNG v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Marshall County**
**No. 14907     Charles Lee, Judge**

---

### No. M2002-01815-CCA-R3-PC - Filed February 18, 2004

---

The Appellant, Charles William Young, appeals the Marshall County Circuit Court's dismissal of his petition for post-conviction relief. Young is currently incarcerated as a result of a jury conviction for aggravated assault. On appeal, Young presents two issues for our review: (1) whether he received the effective assistance of counsel at trial and (2) whether the court erred in refusing to appoint "advisory counsel" at the post-conviction hearing. After review of the issues, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

John H. Dickey, Fayetteville, Tennessee, for the Appellant, Charles William Young.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; P. Robin Dixon, Jr., Assistant Attorney General; William Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

The Appellant was convicted by a Marshall County jury of aggravated assault by intentionally or knowingly causing offensive physical contact with his wife while an order of protection against him was in effect. In affirming the conviction on direct appeal, a panel of this court held, "Our review of the record reveals that [two] witnesses testified that the Defendant put his hands on Mrs. Young's throat and pushed her against the dresser." *State v. Charles William Young*, No. M1999-01240-CCA-R3-CD (Tenn. Crim. App. at Nashville, June 16, 2000). On January 22, 2002, the Appellant, proceeding *pro se,* filed a petition for post-conviction relief, which

was amended following appointment of counsel. Following an evidentiary hearing, post-conviction relief was denied.

**Analysis**

On appeal, the Appellant raises two issues for our review. First he contends that he was denied the effective assistance of counsel at trial. His argument is based upon the following allegations of deficient representation: (1) trial counsel's " failure to ascertain [the] exact identity of a juror" and counsel's subsequent "failure to consult with the Appellant regarding this juror and move for a mistrial after the juror recognized the Appellant;" (2) trial counsel's "failure to conduct a sufficient investigation of the facts;" and (3) trial counsel's "failure to pursue the motion regarding the Appellant's mental capacity." In his second issue, the Appellant contends that he was denied "the opportunity to represent himself [at the post-conviction hearing] with appointed counsel acting only as elbow counsel."

## I. Ineffective assistance of counsel

To succeed on a challenge of ineffective assistance of counsel, the Appellant bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). The Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient performance and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependant upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *Burns*, 6 S.W.3d at 461. "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R.

App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)).  However, *conclusions of law* are reviewed under a purely *de novo* standard with no presumption that the post-conviction court's findings are correct.  *Id.*

### a.  Juror "Williams"

The Appellant first asserts that he received ineffective assistance of counsel based on trial counsel's failure to ascertain the correct identity of a juror, his failure to consult with the Appellant concerning that juror, and his failure to move for a mistrial after the juror recognized the Appellant and "knew his history."  The post-conviction court found no merit to the Appellant's argument.  The post-conviction court found the record reflected that, mid-way into the trial, a juror answering to the name of Williams advised the court that she recognized the Appellant after the trial began.  She explained that she actually first recognized the victim-wife upon entering the courtroom because of her tatoos and then realized who the Appellant was.  The juror stated that she was previously employed with both the Appellant and his wife.  She further advised that she was aware of prior altercations between the Appellant and his wife but stated, following questioning by the trial court, that this would not affect her impartiality as a juror.  The Appellant testified that during the questioning of the juror, he was in a holding cell and, upon his return to the courtroom, he was not informed of what had transpired.

With regard to this issue, the post-conviction court found that the testimony of the Appellant and trial counsel were "directly and diametrically opposed."  Finding the Appellant's testimony that he was totally unaware of the juror's comments not "feasible," the post-conviction court accredited the testimony of trial counsel that the Appellant was in the courtroom, that he had consulted with the Appellant, and that it was the Appellant who wanted the juror to remain because he believed she was aware that the victim was the aggressor in the prior altercations.  The court further noted that the decision to keep the juror was "a tactical decision . . . and the reasons which [trial counsel] gave, which he said he discussed with the defendant, are logical reasons."

We find nothing in the record to preponderate against the post-conviction court's findings.  Questions concerning credibility of witnesses, the weight and value given to their testimony, and the factual issues raised by the evidence are to be resolved by the trial court.  *Henley v. State*, 960 S.W.2d at 579.  This issue is without merit.

### b.  Failure to Investigate

The Appellant also argues that trial counsel provided ineffective assistance of counsel based upon his failure to sufficiently investigate the facts of the case.  The Appellant testified that when he and trial counsel met, "they mostly smoked cigarettes" and did not discuss the case.  He also relies upon the testimony of the investigator from the public defender's office that he only met with the Appellant for ten to fifteen minutes and conducted no further investigation.  At the hearing, the Appellant offered no proof of the existence of additional facts which would have been discovered if an expanded investigation had been conducted.  In sum, we are provided no evidence which would

establish that, if a more thorough investigation had been conducted, there is a reasonable probability "the result of the proceedings would have been different."

Trial counsel testified that he met with the Appellant on several occasions. In addition, he testified that he reviewed the evidence with the Appellant and personally interviewed numerous witnesses, including the victim and the arresting officers. The investigator stated that he did not investigate further after speaking with the Appellant because the Appellant did not provide him with anything to investigate. The post-conviction court, accrediting the testimony of trial counsel, found that trial counsel "conducted more than adequate investigation into the factual bases of the State's case. [He] filed all discovery motions that should be filed . . . [a]nd interviewed all of the witnesses to these proceedings."

After review, we find nothing which would lead us to disturb the conclusions of the post-conviction court that an appropriate investigation was conducted. The post-conviction court accredited the testimony of trial counsel and we will not reweigh or reevaluate the evidence or substitute our inferences for those drawn by the trial court. *Henley,* 960 S.W.2d at 578-79. This issue is without merit.

### c. Motion for Mental Evaluation

The Appellant next argues that trial counsel failed to pursue the motion he had previously filed regarding the Appellant's mental capacity to proceed to trial. He argues that trial counsel failed to present the fact that he had been struck with a baseball bat and, as a result, had been taking prescription pain medication, which prevented him from understanding the nature of the legal process and the charges against him and from assisting trial counsel and participating in his own defense.

As the post-conviction court noted, trial counsel did file a motion for mental evaluation prior to trial, when the Appellant, according to trial counsel, became incoherent and could not assist in his defense. However, the trial court, upon learning that the Appellant was being over-medicated in the jail, ordered that the pain medications he was receiving be stopped. Trial counsel testified that after this occurred, the Appellant was, in his opinion, alert, coherent, and able to communicate with him. Thus, trial counsel testified he had no reason to pursue a mental evaluation.

The post-conviction court found that trial counsel's conduct "was entirely proper and there was not the necessity and there has not been any proof in the record that there was a necessity of [trial counsel's] pursuing any further mental evaluation." The post-conviction court accredited trial counsel's testimony that the Appellant appeared competent. Additionally, at the hearing, no psychological or medical proof was presented of a history of mental illness or conduct suggesting a mental illness other than the Appellant's testimony. The Appellant's reliance on the testimony of Ms. Chumley's, a jail employee, is misplaced. Her testimony only established that the Appellant was taking several prescription medications until the trial court ordered them stopped. Trial counsel's performance cannot be deemed deficient for failure to secure a mental evaluation in the absence of

a factual basis to support a mental evaluation. *See Edward A. Wooten v. State*, No. 01C01-9702-CC-000067 (Tenn. Crim. App. at Nashville, May 21, 1998). We conclude that the Appellant has failed to demonstrate that trial counsel was ineffective for failing to pursue the motion for mental evaluation. This issue is without merit.

## 2. Appointment of "Advisory" or "Elbow"Counsel

In his final issue, the Appellant argues that "[t]he post-conviction court erred in denying [his] request to represent himself [at the post-conviction hearing] with appointed counsel acting only as advisory counsel." The record indicates that, because of disagreements with post-conviction counsel, the Appellant requested in a motion that counsel be removed but that he "would like to keep [him] on as trial counsel, as side counsel." The motion was denied.

First, we are constrained to note that this issue is not cognizable within the context of a post-conviction claim. Post-conviction proceedings are available only to challenge the conviction or sentence of a prisoner due to the abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103 (2003). Here the alleged error affects neither the Appellant's conviction or sentence nor does it impinge upon a constitutional right. Because the claimed error arose prior to the hearing, and because it did not impede upon his ability to present his claims, it was incumbent upon the Appellant to have presented this issue within the context of an interlocutory appeal as provided by Rule 9 or 10, Tennessee Rules of Appellate Procedure. Notwithstanding, we find the post-conviction court's ruling entirely proper in denying appointment of "advisory counsel."

The constitutional right to self-representation, guaranteed by both the Sixth Amendment to the United States Constitution and Art. I, § 9 of the Tennessee Constitution, is not applicable to post-conviction proceedings. *Cole v. State*, 798 S.W.2d 261, 263 (Tenn. Crim. App. 1990). However, the Appellant has a common law right to self-representation, which is recognized by Tennessee Supreme Court Rule 13.[1] *Cole*, 798 S.W.2d at 263. The common law right to self-representation in a post-conviction proceeding is not a fundamental right, and a trial court is, therefore, not barred from appointing counsel if necessary to aid in the proper administration of justice. *Johnson v. State*, No. 02C01-9111-CR-00237 n. 4, (Tenn. Crim. App. at Jackson, Mar. 27, 1997) (citing *State v. Reeves*, 610 S.W.2d 730, 731 (Tenn. Crim. App. 1980)).

Nonetheless, neither the United States Constitution nor the Tennessee Constitution grants the accused the right to "hybrid representation," *i.e.*, permitting both the defendant and counsel to

---

[1]Supreme Court Rule 13 provides that in post-conviction proceedings in non-capital cases, subject to the provisions of Rule 28, Supreme Court Rules:

> If a competent defendant refuses to accept the services of appointed counsel, such refusal shall be written and signed by the defendant in the presence of the court, which shall acknowledge thereon the signature of the defendant and make the written refusal a part of the record in the case. In that event, the defendant may act *pro se* without the assistance or presence of counsel.

Rule 13 (d)(5) and 13(b), Rules of the Supreme Court.

participate in the defense. *State v. Burkhart*, 541 S.W.2d 365, 368 (Tenn. 1976) (quoting *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970)). The trial court's decision not to appoint advisory counsel will not be overturned in the absence of a clear abuse of discretion. *State v. McCary*, 119 S.W.3d 226, 258 n. 5 (Tenn. Crim. App. 2003). Finding no abuse of discretion, this issue is without merit.

## CONCLUSION

Based upon the foregoing, we affirm the dismissal of the post-conviction petition by the Marshall County Circuit Court.

_____
JUDGE DAVID G. HAYES