IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1999 SESSION



**FILED**

**July 7, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 02C01-9806-CC-00171 |
| Appellee, | ) | |
| | ) | Hardin County |
| v. | ) | |
| | ) | Honorable C. Creed McGinley, Judge |
| CHADD C. BLOCKER, | ) | |
| | ) | (Reckless Endangerment; Evading Arrest) |
| Appellant. | ) | |

FOR THE APPELLANT:

Chadd C. Blocker, *pro se*
#289334, M.L.R.C. F-2-8
6000 State Road
Memphis, TN  38134

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

J. Ross Dyer
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

G. Robert Radford
District Attorney General
111 Church Street
P. O. Box 686
Huntingdon, TN  38344-0686

John W. Overton, Jr.
Assistant District Attorney General
P. O. Box 484
Savannah, TN  38372-0484

OPINION FILED: _____

AFFIRMED

JAMES C. BEASLEY, SR., SPECIAL JUDGE

**O P I N I O N**

The defendant, Chadd C. Blocker, was charged in a two-count indictment with aggravated assault and evading arrest while operating a motor vehicle, thereby creating a risk of death or injury to innocent bystanders or other third parties. A Hardin County jury found him guilty of the lesser included offenses of reckless endangerment and evading arrest while operating a motor vehicle. The defendant was sentenced as a Range III, persistent offender to six years on each count with the sentences to be served concurrently.

In the sole issue raised in this appeal as of right, the defendant contends that he was tried, convicted, and sentenced without the benefit of competent legal counsel. However, it is abundantly clear from the record that the defendant requested and was granted the right to represent himself; thus, the actual issue before us is whether the defendant knowingly and intelligently waived his right to counsel. After a careful review of the record and applicable law, we conclude that he did and affirm the judgment of the trial court.

A criminal defendant has the constitutional right to represent himself in a trial. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Burkhart, 541 S.W.2d 365 (Tenn. 1976). He also has the constitutional right to counsel to assist him in his defense. In cases where an accused represents himself, the question is whether the defendant knowingly and voluntarily waives the right to counsel. Our rules of procedure provide that an indigent defendant is entitled to appointment of counsel unless he executes a waiver of counsel. Tenn. R. Crim. P. 44(a). This rule requires the trial judge to advise the defendant of his right to counsel and determine if the waiver is a knowing and intelligent waiver of counsel. The waiver must be in writing and spread upon the minutes of the court. State v. Armes, 673 S.W.2d 174, 177 (Tenn. Crim. App.), per. app. denied (Tenn. 1984).

At his arraignment, the defendant declined the trial court's offer to appoint the public

2

defender, insisting that he did not need a lawyer. The defendant felt that he would be found not guilty if he was allowed to personally tell the jury his side of the case. The defendant further stated that he wished to waive his right to counsel and exercise his constitutional right to represent himself. He also demanded a speedy trial.[1]

On the day of trial, the trial judge again advised the defendant of his right to appointed counsel, but that he was not required to accept appointed counsel and that he had the constitutional right to represent himself. This prompted the following dialogue:

> DEFENDANT BLOCKER: Yes, sir. I have a question.
>
> THE COURT: Okay.
>
> DEFENDANT BLOCKER: I mean, to be honest with you, I don't know that much about the law, but I just feel -- I don't know. I would like for him to tell me, you know, certain things.
>
> THE COURT: Well, I told you on Monday that I will require the Public Defender to be physically present today so that you can consult with him at any time.
>
> DEFENDANT BLOCKER: Yes, sir.
>
> THE COURT: And he is, in fact, in the courtroom. He's seated right there on the front rail.
>
> You might move a little closer to him.
>
> And he'll be there. Will that serve your needs as you wish them, sir?
>
> DEFENDANT BLOCKER: Yes, sir. The only reason I want to represent myself is I want to talk to the 12 people. And I just don't believe that he can do it better than I can because it's my story. That's the reason I'm doing what I'm doing.

After further discussion of the possible advantages and disadvantages of self-representation, the trial judge asked the defendant if he understood these things and the defendant responded affirmatively. At one point, the defendant informed the trial judge that he was of "sane and sound mind," to which the judge responded that he had no reason to question that fact. The trial judge went on to say:

> As a matter of fact, you seem to be very well informed. You seem to have made this decision on your own and it seems to

---

[1]A transcript of the arraignment hearing is not included in the record, but the defendant acknowledged at a later hearing that this occurred at that hearing.

be a well informed and reasonable decision. I would say that. Do you wish to represent yourself?

The defendant responded, "Yes, sir," and then inquired about the procedure if he decided to testify and about how to introduce exhibits. He also requested and was granted copies of the statements of all witnesses.

Before accepting and filing the defendant's written waiver of counsel, the trial court made final inquiry and received the following responses from the defendant.

> THE COURT: But the main thing is I want to make sure you understand you've got the right to a lawyer. You're telling me today you want to represent yourself; is that true?
>
> DEFENDANT BLOCKER: Yes, sir, <u>with his assistance</u> (emphasis added).
>
> THE COURT: Okay. Come on up.
>
> He'll assist you as co-counsel; okay? You can ask him anything you want to during this process at any time; okay? Is that fair enough?
>
> DEFENDANT BLOCKER: Yes, sir.

We are unable to determine from this record just how much assistance was rendered by the public defender but, on at least two occasions, he spoke for the defendant during bench conferences. Clearly he was available for unlimited assistance as required and/or desired by the defendant.

The record reveals that prior to accepting the written waiver of counsel, the trial court patiently and repeatedly advised the defendant of his right to counsel, answered many procedural questions, and pointed out difficulties to be faced during self-representation. Through it all, the defendant, who is no novice to court proceedings, insisted upon his right to represent himself until finally he modified his demand for self-representation to include assistance from the public defender. The trial court then directed the public defender to assist as "co-counsel."

We do not reach the question of whether this arraignment constituted "hybrid representation" as discussed in State v. Franklin, 714 S.W.2d 252, 258 (Tenn. 1986). We

4

are convinced, from our review of this record, that the defendant was aware of the dangers and disadvantages of self-representation and was fully aware of what he was doing when he knowingly and intelligently waived his right to counsel.

Likewise without merit is the defendant's claim that he was denied equal protection by the trial court ignoring his repeated requests for legal materials which would have enabled him to become competent in legal matters. He cites no specific request or denial, and our search of the record reveals none. On the other hand, we find the defendant quoted from the "Code" and cited case law during the trial. Furthermore, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of the effective assistance of counsel. A *pro se* defendant assumes the responsibility for his inadequacies. State v. Bradford, 973 S.W.2d 937, 943-44 (Tenn. Crim. App. 1997), per. app. denied (Tenn. 1998) (citing Faretta v. California, 422 U.S. 806, 834; 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, n.46 (1975) and Cole v. State, 798 S.W.2d 261, 264 (Tenn. Crim. App.), per. app. denied (Tenn. 1990)). "Technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself." State v. Northington, 667 S.W.2d 57, 61 (Tenn. 1984) (quoting Faretta, 422 U.S. at 836, 95 S.Ct. at 2541).

For the reasons set forth above, the judgment of the trial court is affirmed.

_____
JAMES C. BEASLEY, SR., SPECIAL JUDGE

5

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
JOE G. RILEY, JUDGE