IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 3, 2015

**LARRY PREWITT v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County
Nos. 09-04193, 09-04194     J. Robert Carter, Jr., Judge**

_____

**No. W2015-00839-CCA-R3-ECN  -  Filed December 11, 2015**

_____

Petitioner, Larry Prewitt, appeals the summary denial of his petition for writ of error coram nobis, which the trial court also considered as a petition for post-conviction relief and as a petition for writ of habeas corpus. Because Petitioner has not made an allegation of newly discovered evidence, he is not entitled to coram nobis relief. Because Petitioner is no longer restrained of liberty by the underlying convictions, he is not entitled to habeas corpus relief. Because Petitioner's filing is beyond the one-year post-conviction statute of limitations and because he has alleged no grounds for due process tolling of the statute of limitations, he is not entitled to post-conviction relief. Therefore, the trial court's summary dismissal of the petition is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Larry Prewitt, Yazoo City, Mississippi, pro se.

Herbert H. Slatery III, Attorney General and Reporter, and Tracy L. Alcock, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

Over six years ago, Petitioner pled guilty to counts of aggravated burglary in Shelby County. He agreed to concurrent sentences of three years in the workhouse as a standard offender.

On February 27, 2015, Petitioner, who is now a Federal inmate at a correctional complex in Yazoo City, Mississippi, filed a pro se pleading styled "Motion for Writ of Coram Nobis."  As best we can understand his petition, Petitioner alleged that he was entitled to coram nobis relief on the following grounds: (1) his guilty pleas violated Rule 11 of the Federal Rules of Criminal Procedure; (2) his guilty pleas were entered unknowingly and unintelligently because he received ineffective assistance of counsel; and (3) there was insufficient evidence to support his convictions.

On March 25, 2015, the trial court entered an order summarily denying the petition, reasoning that the petition did not state a colorable claim for coram nobis relief because it did not allege newly discovered evidence.  Alternatively, construing the petition as one for habeas corpus or post-conviction relief, the trial court reasoned that habeas corpus relief was unavailable because the sentences were expired and that post-conviction relief was barred by the one-year statute of limitations.  Petitioner timely filed a notice of appeal on April 20, 2015.

On appeal, Petitioner raises the following "issues": (1) the trial court erred in denying his petition because it applied an erroneous legal standard; (2) the trial court erred in finding that he was not entitled to coram nobis relief; (3) he received ineffective assistance from trial counsel because he failed to object to violations of Rule 11 of the Federal Rules of Criminal Procedure; and (4) he is actually innocent.  Additionally, he appears to argue that Tennessee Code Annotated section 40-26-105, the error coram nobis statue, is unconstitutional if it prohibits him from seeking coram nobis relief from an expired sentence.  The State responds that the trial court did not abuse its discretion in summarily denying the petition.  In his reply brief, Petitioner alleges, for the first time, that the grand jury foreman was not "sworn in as a valid juror," and, therefore, the trial court did not have subject matter jurisdiction to accept his guilty pleas because the indictment was defective.

At the outset, we note that it is unclear from Petitioner's pleadings exactly what relief he seeks.  Throughout the record he has used the language of and purportedly cited authority for coram nobis relief, habeas corpus relief, and post-conviction relief.  However, all of these legal remedies are distinct, serving different purposes and governed by different rules.  Nonetheless, our supreme court has emphasized that "[p]leadings prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers," and the courts of this state "must give effect to the substance, rather than the form or terminology of a pleading." *Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012) (citations omitted).

In this case, the trial court did not strictly construe Petitioner's filing, choosing instead to consider the substance of Petitioner's claim under the applicable law for all of the forms of relief mentioned above.  The record shows that the trial court applied the

appropriate legal standard for each remedy when denying relief and reached a result that is exactly right on all forms of possible relief.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105(b); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The writ of error coram nobis is "an *extraordinary* procedural remedy," designed to fill "only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (emphasis in original). In order to seek coram nobis relief, a petitioner must "establish[] that the petitioner was 'without fault' in failing to present the evidence at the proper time." *Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003). To be considered "without fault," the petitioner must show that "the exercise of reasonable diligence would not have led to a timely discovery of the new information." *State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007). The coram nobis court will then determine "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." *Id.* at 526. In the context of a guilty plea, relief may be available if the newly discovered evidence calls into question the knowing and voluntary nature of the plea. *Wlodarz v. State*, 361 S.W.3d 490, 501 (Tenn. 2012) (citing *Newsome v. State*, 955 S.W.2d 129, 134 (Tenn. Crim. App. 1998)).[1]

A petition for coram nobis relief must be filed within one year after the judgment becomes final. T.C.A. § 27-7-103. For the purposes of coram nobis relief, a judgment becomes final thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. *Mixon*, 983 S.W.2d at 670. Whether a claim is barred by an applicable statute of limitations is a question of law, which we review de novo. *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007)). However, the State bears the burden of raising the statute of limitations as an affirmative defense. *Id.*; *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995).

Although the petition was filed well beyond the one-year statute of limitations for coram nobis relief, the State did not raise the statute of limitations as an affirmative defense, and the trial court did not deny relief on this basis. Accordingly, we will not consider Petitioner's argument that the statute of limitations in the coram nobis statute is

---

[1] We note that the holding of this case is currently under scrutiny from our supreme court. *See Clark Derrick Frazier v. State*, No. M2014-02374-CCA-R3-ECN, 2015 WL 4040383 (Tenn. Crim. App. July 1, 2015), *perm. app. granted*, Order, No. M2014-02374-SC-R11 (Tenn. Oct. 15, 2015) (directing parties "to address whether the Court should reconsider its opinion in *Wlodarz*").

unconstitutional.[2] The trial court, instead, denied the petition on its merits, and it plainly did not err in doing so. Petitioner did not allege that newly discovered evidence would have affected his decision to enter the guilty pleas. Instead, as discussed more fully below, he alleged only constitutional and legal errors in the underlying proceedings. Thus, the trial court applied the proper legal standard for coram nobis relief and correctly concluded that the Petitioner is not entitled to coram nobis relief because he did not make a colorable argument for such relief based on newly discovered evidence.

The gravamen of Petitioner's argument is that his pleas were constitutionally invalid based on trial counsel's ineffective assistance and the failure of the trial court to ensure that Petitioner knowingly waived his constitutional rights and intelligently entered his guilty pleas. *See Boykin v. Alabama*, 395 U.S. 238 (1969); *see also* Tenn. R. Crim. P. 11[3]; *State v. Mackey*, 553 S.W.2d 337, 341-42 (Tenn. 1977).

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever. . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. While there is no statute of limitations for filing a petition for a writ of habeas corpus, the grounds upon which habeas corpus relief may be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the defendant is still imprisoned despite the expiration of his sentence. *Id.*; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* The petitioner bears the burden of showing, by a preponderance of the evidence, that his judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Because the issue of whether habeas corpus relief should be granted is a question of law, we conduct a de novo review without any

---

[2] We also note that Petitioner did not present this argument to the trial court. Generally, an issue is considered waived when the trial court was not presented with an opportunity to consider the issue in the first instance. *See, e.g.*, *State v. Bishop*, 431 S.W.3d 22, 43 (Tenn. 2014); *State v. Aguilar*, 437 S.W.3d 889, 899 (Tenn. Crim. App. 2013).

[3] In his filings, Petitioner asserts that Federal Rule of Criminal Procedure 11 was violated during his guilty plea hearings. However, neither the federal rules of procedure nor the interpretation of those rules by federal courts apply in state court proceedings. *See Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 n.4 (Tenn. 2012); *Bowman v. Henard*, 547 S.W.2d 527, 530 (Tenn. 1977). Nonetheless, Tennessee Rule of Criminal Procedure 11 addresses the same subject matter as the federal rule—voluntary waiver of constitutional rights and acceptance of guilty pleas.

presumption of correctness given to the decision of the lower court.  *Summers*, 212 S.W.3d at 255.

The trial court correctly concluded that habeas corpus relief is not available to Petitioner because he is no longer restrained of his liberty by those convictions as required by Tennessee Code Annotated section 29-21-101(a).  *See Hickman*, 153 S.W.3d at 23 ("Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired.").  In his pleadings, Petitioner admits that he is no longer serving sentences for the underlying convictions, but he complains that they were used to enhance the federal sentence that he is currently serving.

Moreover, the nature of Petitioner's primary claim based on ineffective assistance of counsel is not that his convictions are void, but merely that they are voidable, which does not warrant habeas corpus relief.  *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) ("Unlike a post-conviction petition, which might afford a means of relief for constitutional violations such as the deprivation of the effective assistance of counsel, the purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment.").  The same is true for his claim about the sufficiency of the evidence, *Cole v. State*, 798 S.W.2d 261, 264 (Tenn. Crim. App. 1990) (citing *Gant v. State*, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973) (stating that "[t]he law is settled beyond question that habeas corpus and post-conviction proceedings may not be employed for [questioning the sufficiency of the evidence]")), and also his improperly raised argument[4] about the grand jury foreperson, *James P. Stout v. State*, No. M2009-01171-CCA-R3-HC, 2010 WL 1333168, at *4 (Tenn. Crim. App. Apr. 5, 2010) (concluding that "the trial court properly determined that the [p]etitioner's claim concerning the [selection of] the grand jury foreperson is not cognizable in a habeas corpus proceeding"), *perm. app. denied* (Tenn. Aug. 26, 2010).

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States."  T.C.A. § 40-30-103.  A petition for post-conviction relief must be filed within one year of the date on which the judgment became final if no direct appeal was taken.  T.C.A. § 40-30-102(a).  Our legislature emphasized the fact that "[t]ime is of the essence of the right to file a petition for post-conviction relief," *id*., and provided only three narrow exceptions to the statute of limitations: (1) a new constitutional right with retrospective application; (2) new

---

[4] Defendant waived this argument by not presenting it to the trial court.  *See, e.g.*, *State v. Bishop*, 431 S.W.3d 22, 43 (Tenn. 2014); *State v. Aguilar*, 437 S.W.3d 889, 899 (Tenn. Crim. App. 2013).

scientific evidence establishing actual innocence; and (3) the invalidation of convictions underlying an enhanced sentence.  T.C.A. § 40-30-102(b).

However, the right to due process may necessitate tolling the statute of limitations in certain circumstances outside of the enumerated statutory exceptions.  *See Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992).  Our supreme court has held:

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for "presentation of claims at a meaningful time and in a meaningful manner."  The test is "whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined."

*Seals*, 23 S.W.3d at 277-78 (quoting *Burford*, 845 S.W.2d at 207).  "[A] post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing."  *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (citing *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013)).  Thus far, supreme court case law has identified only three instances in which due process requires tolling of the post-conviction statute of limitations: (1) where the basis for post-conviction relief arises after the statute of limitations has expired; (2) where a petitioner's mental incompetence prevented compliance with the statute of limitations; and (3) where attorney misconduct prevents compliance with the statute of limitations.  *Whitehead*, 402 S.W.3d at 623-24 (Tenn. 2013).  "Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness."  *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011) (quoting *Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010)).

The trial court correctly concluded that post-conviction relief is not available to Petitioner because his filing was beyond the statute of limitations.  Petitioner did not file the petition in this case until almost five and one half years after the judgments were entered in his cases.  Petitioner contends that he is actually innocent of the crimes to which he pled guilty; however, this assertion is based on his belief that the facts did not satisfy the elements of those crimes, which is an argument about the sufficiency of the evidence.  As such, his claim of actual innocence is not based on "new scientific evidence," and therefore, does not satisfy the statutory exception to the statute of limitations provided in Tennessee Code Annotated section 40-30-102(b)(2).  Additionally, he does not assert that the statute of limitations should be tolled on due process grounds, and the record offers no explanation as to why Petitioner has waited so

long to seek relief from these convictions.  Consequently, Petitioner is not entitled to post-conviction relief.

Lastly, we note that Petitioner's pleadings also contain misplaced references to federal habeas corpus law, but cases such as *Trevino v. Thaler*, -- U.S. --, 133 S.Ct. 1911 (2013), are not applicable to state post-conviction proceedings.  *See David Edward Niles v. State*, No. M2014-00147-CCA-R3-PC, 2015 WL 3453946, at *6-7 (Tenn. Crim. App. June 1, 2015), *perm. app. denied* (Tenn. Sept. 17, 2015).

In summary, Petitioner has not stated a colorable claim for a writ of error coram nobis.  Petitioner is also not entitled to habeas corpus because he is no longer restrained of liberty by the underlying convictions or to post-conviction relief because the statute of limitations precludes relief.  The decision of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE